UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X

In the Matter of the Claim of MILLINIA GARDINER, an infant under the age of 14 years, by her mother and natural guardian, MICHELLE MUMFORD, CHARLES GARDINER, an infant under the age of 14 years, by his mother and natural guardian MICHELLE MUMFORD, and MICHELLE MUMFORD, individually,

Plaintiffs,

-against-

CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, and THE NEW YORK CITY HOUSING AUTHORITY,

Defendants.

------------------------------------------------------------------- X

**ANSWER OF NEW YORK CITY HOUSING AUTHORITY**

07 CV 7938 (JSR)

Defendant, THE NEW YORK CITY HOUSING AUTHORITY, by its attorneys, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, for its answer to the complaint, respectfully allege, upon information and belief, as follows:

1. Denies the allegations set forth in paragraph "1" of the complaint, except admit that plaintiffs purport to bring this action as stated therein.

2. Denies the allegations set forth in paragraph "2" of the complaint, except admit that plaintiffs purport to bring this action and invoke the jurisdiction of this court as stated therein.

3. Denies the allegations set forth in paragraph "3" of the complaint, except admit that plaintiffs purport to proper venue.

4. Denies the allegations set forth in paragraph "4" of the complaint, except admit that the City of New York is a municipal corporation existing pursuant to the laws of the state of New York.

5. Denies the allegations set forth in paragraph "5" of the complaint, except admit that the City of New York is a municipal corporation existing pursuant to the laws of the state of New York and the New York City Police Department is an agency of the City of New York.

6. Denies the allegations set forth in paragraph "6" of the complaint.

7. Denies the allegations set forth in paragraph "7" of the complaint.

8. Denies the allegations set forth in paragraph "8" of the complaint, except admit that the New York City Housing Authority is a municipal corporation existing pursuant to the laws of the state of New York.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint.

15. Denies the allegations set forth in paragraph "15" of the complaint.

16. Denies the allegations set forth in paragraph "16" of the complaint.

17. Denies the allegations set forth in paragraph "17" of the complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the complaint.

24. Denies the allegations set forth in paragraph "24" of the complaint, except admits that Michelle Mumford resided at 2400 Second Avenue, Apt. #3B, New York, New York, 10035.

25. Denies the allegations set forth in paragraph "25" of the complaint, except admits that Millinia Gardiner resided at 2400 Second Avenue, Apt. #3B, New York, New York, 10035.

26. Denies the allegations set forth in paragraph "26" of the complaint, except admits that Charles Gardiner resided at 2400 Second Avenue, Apt. #3B, New York, New York, 10035.

27. Denies the allegations set forth in paragraph "27" of the complaint.

28. Denies the allegations set forth in paragraph "28" of the complaint, except admits that the New York City Housing Authority owns and operates the premises located at 2400 Second Avenue, New York, New York 10035.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the complaint.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the complaint.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the complaint.

33. Denies the allegations set forth in paragraph "33" of the complaint.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the complaint.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the complaint.

36. Denies the allegations set forth in paragraph "36" of the complaint.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the complaint.

3028128 1

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the complaint.

39. Denies the allegations set forth in paragraph "39" of the complaint.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the complaint.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the complaint.

42. Denies the allegations set forth in paragraph "42" of the complaint.

43. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the complaint.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the complaint.

45. Denies the allegations set forth in paragraph "45" of the complaint.

46. Denies the allegations set forth in paragraph "46" of the complaint.

47. Denies the allegations set forth in paragraph "47" of the complaint.

48. Denies the allegations set forth in paragraph "48" of the complaint.

49. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of the complaint.

50. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "50" of the complaint.

51. Denies the allegations set forth in paragraph "51" of the complaint.

52. Denies the allegations set forth in paragraph "52" of the complaint.

53. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "53" of the complaint.

54. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the complaint.

55. Denies the allegations set forth in paragraph "55" of the complaint.

56. Denies the allegations set forth in paragraph "56" of the complaint.

57. Denies the allegations set forth in paragraph "57" of the complaint.

58. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "58" of the complaint.

59. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "59" of the complaint.

60. Denies the allegations set forth in paragraph "60" of the complaint.

61. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "62" of the complaint.

62. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "62" of the complaint.

63. Denies the allegations set forth in paragraph "63" of the complaint.

64. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "63" of the complaint.

65. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "65" of the complaint.

66. Denies the allegations set forth in paragraph "63" of the complaint.

3028128.1

67. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "67" of the complaint.

68. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "68" of the complaint.

69. Denies the allegations set forth in paragraph "69" of the complaint.

70. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "70" of the complaint.

71. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "71" of the complaint.

72. Denies the allegations set forth in paragraph "72" of the complaint.

73. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "73" of the complaint.

74. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "74" of the complaint.

75. Denies the allegations set forth in paragraph "75" of the complaint.

76. Denies the allegations set forth in paragraph "76" of the complaint.

77. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "77" of the complaint.

78. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "78" of the complaint.

79. Denies the allegations set forth in paragraph "79" of the complaint.

80. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "80" of the complaint.

3028128.1

81. Denies the allegations set forth in paragraph "81" of the complaint.

82. Denies the allegations set forth in paragraph "82" of the complaint.

83. Denies the allegations set forth in paragraph "83" of the complaint.

84. Denies the allegations set forth in paragraph "84" of the complaint.

85. Denies the allegations set forth in paragraph "85" of the complaint.

86. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "86" of the complaint.

87. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "87" of the complaint.

88. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "88" of the complaint.

89. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "89" of the complaint.

90. Denies the allegations set forth in paragraph "90" of the complaint.

91. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "91" of the complaint.

92. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "92" of the complaint.

93. Denies the allegations set forth in paragraph "93" of the complaint.

94. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "94" of the complaint.

95. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "95" of the complaint.

96. Denies the allegations set forth in paragraph "96" of the complaint.

97. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "97" of the complaint.

98. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "98" of the complaint.

99. Denies the allegations set forth in paragraph "99" of the complaint.

100. In response to the allegations set forth in paragraph "100" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "99" of this answer as if fully set forth herein.

101. Denies the allegations set forth in paragraph "101" of the complaint.

102. Denies the allegations set forth in paragraph "102" of the complaint.

103. Denies the allegations set forth in paragraph "103" of the complaint.

104. Denies the allegations set forth in paragraph "104" of the complaint.

105. Denies the allegations set forth in paragraph "105" of the complaint.

106. Denies the allegations set forth in paragraph "106" of the complaint.

107. Denies the allegations set forth in paragraph "107" of the complaint.

### AND AS FOR A FIRST AFFIRMATIVE DEFENSE:

108. The complaint fails to state a claim upon which relief can be granted.

### AND AS FOR A SECOND AFFIRMATIVE DEFENSE:

109. Defendant Housing Authority has not violated any rights, privileges or immunities secured to plaintiff by the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has defendant Housing Authority violated any act of Congress providing for the protection of civil rights.

### AND AS FOR A THIRD AFFIRMATIVE DEFENSE:

110. At all times relevant to the acts alleged in the complaint, the Housing Authority, its agents and officials acted reasonably properly, and lawfully in the exercise of its discretion. As a result, the Housing Authority is entitled to governmental immunity.

### AND AS FOR A THIRD AFFIRMATIVE DEFENSE:

111. Any injuries alleged in the complaint were caused, in whole or in part by plaintiffs' own culpable or negligent conduct, or the culpable or negligent conduct of non-parties.

### AND AS FOR A FIFTH AFFIRMATIVE DEFENSE:

112. There was probable cause for plaintiffs' for any alleged search, seizure, arrest or detention.

### AND AS FOR A SIXTH AFFIRMATIVE DEFENSE:

113. Punitive damages cannot be recovered from the Housing Authority.

### AND AS FOR A SEVENTH AFFIRMATIVE DEFENSE:

114. Plaintiff has failed to comply with New York General Municipal Law § 50-e.

### AND AS FOR A EIGTH AFFIRMATIVE DEFENSE:

115. The New York City Housing Authority is not an agency of the City of New York and does not operate, control, maintain or supervise the New York City Police Department.

3028128.1

WHEREFORE, the defendants request judgment dismissing the complaint, awarding costs, disbursements and reasonable attorney's fees and such other further relief as the Court deems just and proper.

Dated:   New York, New York
         November 8, 2007

Yours, etc.,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER

By: _____
DEBORAH MEYER
Attorneys for Defendant
NEW YORK CITY HOUSING AUTHORITY
150 East 42nd Street
New York, NY 10017-5639
(212) 490-3000
File No.: 00987.01008

To:   Mark Lubelsky, Esq.
      Attorney for Plaintiffs
      123 West 18th Street
      New York, New York 10011

      Michael A. Cardozo
      Office of the Corporation Counsel
      New York Law Department
      100 Church Street
      New York, New York 10007
      Att: Sara Evans

11

3028128.1

## DECLARATION OF SERVICE

**DEBORAH I. MEYER** declares, under penalty of perjury and pursuant to 28 U.S.C. § 1746, that the following is true and correct: On November 8, 2007, I caused to be served the annexed **"Answer of the New York City Housing Authority"** upon Hope Herring et al., plaintiffs herein, by depositing a copy of same, enclosed in a first class, postpaid properly addressed wrapper in a post office/official depository located at 100 Church Street, in the Borough of Manhattan, City of New York, directed to plaintiff and co-defendant at:

Mark Lubelsky, Esq.
Attorney for Plaintiffs
123 West 18th Street
New York, New York 10011

Michael A. Cardozo
Office of the Corporation Counsel
New York City Law Department
100 Church Street
New York, New York 10007

being the address designated by plaintiffs for that purpose.

Dated:  New York, New York
        November 8, 2007

By: _____
    Deborah I. Meyer

3028128.1