UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

In the Matter of the Claim of MILLINIA GARDINER, an infant under the age of 14 years, by her mother and natural guardian, MICHELLE MUMFORD, CHARLES GARDINER, an infant under the age of 14 years, by his mother and natural guardian, MICHELLE MUMFORD, and MICHELLE MUMFORD, Individually,

              Plaintiffs,

-against-

CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, and THE NEW YORK CITY HOUSING AUTHORITY,

              Defendants.

------------------------------------------------------------------------ x

**ANSWER TO COMPLAINT ON BEHALF OF DEFENDANTS CITY OF NEW YORK AND THE NEW YORK CITY POLICE DEPARTMENT**

07 CV 7938 (JSR)

JURY TRIAL DEMANDED

    Defendants City of New York and the New York City Police Department ("defendants"), by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the Complaint, respectfully allege, upon information and belief, as follows:

    1.  Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiffs purport to proceed as stated therein.

    2.  Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiffs purport to invoke the jurisdiction of the Court as stated therein.

    3.  Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiffs purport to base venue as stated therein.

    4.  Deny the allegations set forth in paragraph "4" of the complaint, except admit that the City of New York is a municipal entity.

5. Deny the allegations set forth in paragraph "5" of the complaint, except admit that the City of New York maintains a Police Department and respectfully refer the Court to the New York City Charter and Administrative Code for a recitation of the relationship between the defendant City and the New York City Police Department.

6. Deny the allegations set forth in paragraph "6" of the complaint.

7. Deny the allegations set forth in paragraph "7" of the complaint, except admit that the City of New York is a municipal entity, that the City of New York maintains a police department, and respectfully refer the Court to the New York City Charter and Administrative Code for a recitation of the relationship between the defendant City and the New York City Police Department.

8. Deny the allegations set forth in paragraph "8" of the complaint.

9. Deny the allegations set forth in paragraph "9" of the complaint.

10. Deny the allegations set forth in paragraph "10" of the complaint.

11. Deny the allegations set forth in paragraph "11" of the complaint.

12. Deny the allegations set forth in paragraph "12" of the complaint.

13. Deny the allegations set forth in paragraph "13" of the complaint.

14. Deny the allegations set forth in paragraph "14" of the complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the complaint.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the complaint.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the complaint.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the complaint.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the complaint.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the complaint.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the complaint.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the complaint.

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the complaint.

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the complaint.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the complaint.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the complaint.

46. Deny the allegations set forth in paragraph "46" of the complaint.

47. Deny the allegations set forth in paragraph "47" of the complaint.

48. Deny the allegations set forth in paragraph "48" of the complaint.

49. Deny the allegations set forth in paragraph "49" of the complaint.

50. Deny the allegations set forth in paragraph "50" of the complaint.

51. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51" of the complaint.

52. Deny the allegations set forth in paragraph "52" of the complaint.

53. Deny the allegations set forth in paragraph "53" of the complaint.

54. Deny the allegations set forth in paragraph "54" of the complaint.

55. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "55" of the complaint.

56. Paragraph "56" sets forth conclusions of law rather than averments of fact, to which no response is required. To the extent a response is required, defendants deny, except admit that plaintiffs purport to proceed as stated therein.

57. Deny the allegations set forth in paragraph "57" of the complaint.

58. Deny the allegations set forth in paragraph "58" of the complaint.

59. Deny the allegations set forth in paragraph "59" of the complaint.

60. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "60" of the complaint.

61. Deny the allegations set forth in paragraph "61" of the complaint.

62. Deny the allegations set forth in paragraph "62" of the complaint.

63. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "63" of the complaint.

64. Deny the allegations set forth in paragraph "64" of the complaint.

65. Deny the allegations set forth in paragraph "65" of the complaint.

66. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "66" of the complaint.

67. Deny the allegations set forth in paragraph "67" of the complaint.

68. Deny the allegations set forth in paragraph "68" of the complaint.

69. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "69" of the complaint.

70. Deny the allegations set forth in paragraph "70" of the complaint.

71. Deny the allegations set forth in paragraph "71" of the complaint.

72. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "72" of the complaint.

73. Deny the allegations set forth in paragraph "73" of the complaint.

74. Deny the allegations set forth in paragraph "74" of the complaint.

75. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "75" of the complaint.

76. Deny the allegations set forth in paragraph "76" of the complaint.

77. Deny the allegations set forth in paragraph "77" of the complaint.

78. Deny the allegations set forth in paragraph "78" of the complaint.

79. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "79" of the complaint.

80. Deny the allegations set forth in paragraph "80" of the complaint.

81. Deny the allegations set forth in paragraph "81" of the complaint.

82. Deny the allegations set forth in paragraph "82" of the complaint.

83. Deny the allegations set forth in paragraph "83" of the complaint.

84. Deny the allegations set forth in paragraph "84" of the complaint.

85. Deny the allegations set forth in paragraph "85" of the complaint.

86. Deny the allegations set forth in paragraph "86" of the complaint.

87. Deny the allegations set forth in paragraph "87" of the complaint.

88. Deny the allegations set forth in paragraph "88" of the complaint.

89. Deny the allegations set forth in paragraph "89" of the complaint.

90. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "90" of the complaint.

91. Deny the allegations set forth in paragraph "91" of the complaint.

92. Deny the allegations set forth in paragraph "92" of the complaint.

93. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "93" of the complaint.

94. Deny the allegations set forth in paragraph "94" of the complaint.

95. Deny the allegations set forth in paragraph "95" of the complaint.

96. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "96" of the complaint.

97. Deny the allegations set forth in paragraph "97" of the complaint.

98. Deny the allegations set forth in paragraph "98" of the complaint.

99. Deny the allegations set forth in paragraph "99" of the complaint.

100. In response to the allegations set forth in paragraph "100" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "99" of this answer as if fully set forth herein.

101. Deny the allegations set forth in paragraph "101" of the complaint.

102. Deny the allegations set forth in paragraph "102" of the complaint.

103. Deny the allegations set forth in paragraph "103" of the complaint.

104. Deny the allegations set forth in paragraph "104" of the complaint.

105. Deny the allegations set forth in paragraph "105" of the complaint.

106. Deny the allegations set forth in paragraph "106" of the complaint.

107. Deny the allegations set forth in paragraph "107" of the complaint, except admit that the plaintiffs purport to seek damages as stated therein.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

108. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

109. City defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

110. Any injuries alleged to have been sustained by plaintiffs were not the

proximate result of any act of the City defendants and resulted from plaintiffs' own culpable or negligent conduct and/or the culpable or negligent or intervening conduct of other persons for whose conduct the City defendants are not responsible.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

111. Plaintiffs have failed to comply, in whole or in part, with conditions precedent to suit under state law.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

112. Plaintiffs provoked any incident.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

113. There was probable cause for plaintiffs' detentions, arrests and prosecutions.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

114. Punitive damages cannot be recovered as against the City of New York.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

115. At all times relevant to the incident, defendant City and its employees and officials acted reasonably and in the proper and lawful exercise of their discretion. As such, defendant City is entitled to governmental immunity.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

116. There was reasonable suspicion and/or probable cause for any search.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

117. The New York Police Department is not a suable entity

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

118. The actions of any City officers involved were justified by probable cause and/or reasonable suspicion.

**WHEREFORE**, defendants City of New York and the New York City Police Department request judgment dismissing the Complaint, as against them with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         November 14, 2007

                                MICHAEL A. CARDOZO
                                Corporation Counsel of the
                                City of New York
                                Attorney for Defendants City of New York and the
                                New York City Police Department
                                100 Church Street
                                New York, New York 10007
                                (212) 788-1041

                           By:  _____
                                Sarah B. Evans
                                Assistant Corporation Counsel


To:  Mark L. Lubelsky, Esq. (By Mail and ECF)
     Mark Lubelsky and Associates
     Attorneys for Plaintiffs
     123 West 18th Street
     New York, NY 10011-4127

CC:  Deborah Meyer, Esq. (By Mail and ECF)
     Attorney for Co-Defendant
     Wilson, Elser, Moskowitz, Edelman & Dicker LLP
     150 East 42nd Street
     New York, NY 10017

Docket No. 07 CV 7938 (JSR)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| In the Matter of Claim of MILLINIA GARDINER, an infant under the age of 14 years, by her mother and natural guardian, MICHELLE MUMFORD, CHARLES GARDINER, an infant under the age of 14 years, by his mother and natural guardian, MICHELLE MUMFORD, and MICHELLE MUMFORD, Individually,<br><br>                                                            Plaintiffs,<br><br>                       -against-<br><br>CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, and THE NEW YORK CITY HOUSING AUTHORITY,<br><br>                                                            Defendants. |
| **ANSWER TO COMPLAINT** |
| *MICHAEL A. CARDOZO*<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendants City of New York and the*<br>*New York City Police Department*<br>*100 Church Street*<br>*New York, N.Y. 10007*<br><br>*Of Counsel: Sarah Evans*<br>*Tel: (212) 788-1041* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y. ..........................................,2007*<br><br>*.................................................................. Esq.*<br><br>*Attorney for .................................................* |

## DECLARATION OF SERVICE BY FIRST-CLASS MAIL

I, Brian Francolla, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that on November 14, 2007, I served the annexed **ANSWER TO COMPLAINT ON BEHALF OF DEFENDANTS CITY OF NEW YORK AND THE NEW YORK CITY POLICE DEPARTMENT** upon the following attorney for plaintiffs by depositing a copy of the same, enclosed in a first-class postpaid properly addressed wrapper, in a post office official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to said attorney for the plaintiffs at the address set forth below, being the address designated by said attorney for plaintiffs for that purpose:

Mark L. Lubelsky, Esq.
Mark Lubelsky and Associates
Attorneys for Plaintiffs
123 West 18th Street
New York, NY 10011-4127

Dated: New York, New York
       November 14, 2007

Brian Francolla
Assistant Corporation Counsel